UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAKEEL AKRAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-2502 (PLF) |
| ) | |
| PAULINE KAO, Consul General, U.S., ) | |
| Consulate General in Guangzhou, <u>et al.</u>,[1] ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

On November 4, 2024, defendants moved to dismiss plaintiff's Petition for Writ of Mandamus and Complaint for Injunctive Relief ("Compl.") [Dkt. No. 1]. <u>See</u> Defendants' Motion to Dismiss [Dkt. No. 6]. Defendants' motion has been fully briefed and is now ripe for decision. <u>See</u> Plaintiff's Opposition to Defendants' Motion to Dismiss [Dkt. No. 7]; Defendants' Reply in Further Support of Defendants' Motion to Dismiss [Dkt. No. 8].

On September 9, 2025, plaintiff submitted a Notice of Supplemental Authority informing the Court of Judge Loren L. AliKhan's recent decision in <u>Mehrpooya v. Allen</u>, Civil Action No. 24-2340 (LLA), 2025 WL 2549279 (D.D.C. Sept. 4, 2025). <u>See</u> Notice of Supplemental Authority [Dkt. No. 9]. Defendants responded on September 23, 2025. <u>See</u> Defendants' Response to Plaintiff's Notice of Supplemental Authority [Dkt. No. 10].

---

[1]     Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Marco A. Rubio, current U.S. Secretary of State, and Gregory C. May, current Deputy Chief of Mission of the U.S. Embassy in China, are "automatically substituted" as parties to this litigation.

Plaintiff alleges that a consular officer interviewed plaintiff, refused his visa application pursuant to Section 221(g) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1201(g), and placed his application in "administrative processing."  See Compl. ¶¶ 22, 23. Plaintiff now challenges defendants' failure to finally adjudicate plaintiff's visa application within a reasonable time, and alleges causes of action arising under both the APA, 5 U.S.C. § 706(1), and the Mandamus Act, 28 U.S.C. § 1361.  See Compl. ¶¶ 32-63.

In two recent opinions, this Court rejected visa applicants' materially identical claims under the APA and the Mandamus Act, finding that the Court lacks jurisdiction to compel the government to further adjudicate a visa application after the visa has been officially "refused" pursuant to Section 221(g) of the INA.  See Datta v. Rubio ("Datta"), Civil Action No. 24-2937 (PLF), 2025 WL 752643 (D.D.C. Mar. 10, 2025); Robles Hurtado v. Foley ("Hurtado"), Civil Action No. 24-3270 (PLF), 2025 WL 2757557 (D.D.C. Sept. 29, 2025).  The Court's rulings in Datta and Hurtado are dispositive of plaintiff's claims.[2]  The Court therefore will grant defendants' motion to dismiss.  Accordingly, it is hereby

ORDERED that defendants' Motion to Dismiss [Dkt. No. 6] is GRANTED; it is

FURTHER ORDERED that plaintiff's Petition for Writ of Mandamus and Complaint for Injunctive Relief [Dkt. No. 1] is DISMISSED; and it is

---

[2]       As for the supplemental authority submitted by plaintiff, the Court respectfully disagrees with Judge Loren L. AliKhan's holding in Mehrpooya v. Allen, 2025 WL 2549279. See Hurtado, 2025 WL 2757557, at *5 n.6.

FURTHER ORDERED that this case is DISMISSED WITHOUT PREJUDICE

pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This is a final appealable order.  See FED. R. APP. P. 4(a).  An Opinion consistent

with this Order will follow in due course.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE:  9/30/25